UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: _____

YOVANI GONZALEZ,

      Plaintiff,

v.

WELLS FARGO BANK, N.A.,
f/k/a/ WACHOVIA BANK, N.A.,

      Defendant.

_____/

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** Defendant, Wells Fargo Bank, N.A., f/k/a Wachovia Bank, N.A. (hereinafter "Wells Fargo" or "Defendant"), has removed this cause to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1441.  The grounds for removal are:

1.     On or about August 2, 2012, a civil action was filed in the Fifteenth Judicial Circuit, Palm Beach County, Florida entitled *Yovani Gonzalez v. Wells Fargo Bank, N.A. f/k/a Wachovia Bank, N.A.*, Case No. 5D 2012 CA 014220.  Other than the filing of the Complaint and the Summons, no proceedings have transpired in this matter.

2.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and documents filed and served in this action are attached hereto as Exhibit A.

3.     Wells Fargo was served with the Complaint on August 7, 2012, and this Notice of Removal is filed within thirty (30) days after receipt by Wells Fargo of a copy of the initial pleading setting forth a claim for relief and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

4.      Pursuant to 28 U.S.C. § 1446(d), Wells Fargo, concurrently with the filing of this Notice of Removal, served written notice thereof to all adverse parties and has filed a copy of this Notice with the Clerk of the Fifteenth Judicial Circuit, Palm Beach County, Florida, from which this case was removed.  A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit B.

## FEDERAL QUESTION JURISDICTION

5.      This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and this case can be removed to this Court pursuant to 28 U.S.C. § 1441 in that it is a civil action containing a federal question cause of action.  The Complaint asserts claims that arise under and are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002, *et seq.*, a law of the United States.

6.      The ERISA preemption clause specifically states that ERISA shall "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan[.]" *See* 29 U.S.C. §1144(a).

7.      Federal courts have broadly interpreted the ERISA preemption clause, noting that the preemption clause is not limited to "state laws specifically designed to affect employee benefit plans." *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987), *rev'd on other grounds*, *Kentucky Assoc. of Health Plans, Inc. v. Miller*, 538 U.S. 329 (2003) citing *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85 (1983)).  A state-law claim "relates to" an ERISA plan for purposes of Section 514 preemption if it is "premised on [  ] the existence of a[n ERISA] plan," *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 140 (1990), or "if it has a connection with or reference to such a plan," *Egelhoff v. Egelhoff*, 532 U.S. 141, 147 (2001) (internal quotation marks & citation omitted); *id.* at 146 (ERISA's preemption section is "clearly expansive").

8.      ERISA applies to any employee benefit plan established or maintained by an employer engaged in commerce or in industry.  *See* 29 U.S.C. § 1003.   As defined under the ERISA statute, the term "employee welfare benefit plan" and "welfare plan" mean "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A)… death benefits."  *See* 29 U.S.C. §1002(1).

9.      It is well-settled that the "carefully integrated civil enforcement provisions" of ERISA §502 were "intended to be exclusive." *Pilot Life Ins. Co.* 481 U.S. at 54.  The exclusivity of ERISA remedies is so strong that it permits removal of any purported state-law cause of action that amounts to an alternative mechanism for enforcing a claim to ERISA-governed benefits. *See, e.g., Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63-64 (1987); *Connecticut State Dental Association v. Anthem Health Plans, Inc.,* 591 F. 3d 1337, 1344-45 (11th Cir. 2009) citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

10.      A nominal state law claim that "duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore [completely] pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004).  Complete preemption in effect "converts state causes of action into federal ones for purposes of determining the propriety of removal," conferring jurisdiction on the federal courts. *Id.*

11.      Accordingly, any state-law claim that seeks to collect or seeks a declaration of benefits under the terms of an ERISA plan must be recharacterized as a benefits claim under

ERISA §502(a), and such claim gives rise to removal jurisdiction regardless of how a plaintiff characterizes it.  *Taylor* 481 U.S. at 65; *Anthem*, 591 F. 3d at 1344 .

12.     Plaintiff cannot escape federal jurisdiction regarding an ERISA plan by couching his claims in terms of state law breach of fiduciary duty or discrimination claims.  "Regardless of its characterization as a state law matter, a claim will be re-characterized as federal in nature if it seeks relief under ERISA."  *Ehlen Floor Covering, Inc. v. Lamb,* 660 F.3d 1283, 1287 (11th Cir. 2011); *Anthem*, 591 F.3d at 1344.

### A.      Plaintiff's Fiduciary Duty Claim (Count III) is Preempted by ERISA

13.     Plaintiff alleges in Count III of the Complaint a breach of fiduciary duty by Wells Fargo for failure to timely apprise Plaintiff of his conversion rights regarding the life insurance policy in which he participated, including the dependent child term life insurance coverage covering his daughter, Mackenzie.  (Complaint ¶¶ 59-63).

14.     Plaintiff specifically asks for relief in the form of "reinstatement of all life insurance policies that were in place when Plaintiff was terminated."  (Complaint, *Wherefore* paragraph following ¶ 63).

15.     Plaintiff's claim clearly "relates to" Wells Fargo's Life Insurance Plans, as well as the Minnesota Life Insurance group life insurance policy that is the subject of this lawsuit, both of which are subject to ERISA.  Pertinent provisions of the Summary Plan Description ("SPD") for the Wells Fargo Life Insurance Plans are attached hereto as Exhibit C.  The group life insurance policy issued by Minnesota Life Insurance (Group Policy No. 29450-G) is attached as Exhibit D.

16.     The duty of care by which a fiduciary must discharge his duties with respect to a benefit plan is established by the ERISA statute.  *See, e.g.,* 29 U.S.C. § 1104(a).

17.     Wells Fargo was the Plan Administrator for the Life Insurance Plans and, as such, was a fiduciary under ERISA. (*See* Ex. C at B-15)  Wells Fargo's fiduciary duty to advise plaintiff of the conversion rights regarding his dependent child life insurance coverage arises only by virtue of Wells Fargo's status as Plan Administrator for the ERISA-qualified life insurance plans. *See*, *e.g.,* 29 U.S.C. §1024(b). Accordingly, Plaintiff's claims are completely preempted by ERISA.  *Ehlen Floor Covering,* 660 F.3d at1287-88 (fiduciary duty claim preempted by ERISA); *See also Borrero*, 610 F.3d at 1304, *quoting Davila*, 542 U.S. 200, 210 (2004); *Anthem*, 591 F.3d 1337, 1345 (11th Cir. 2009).

18.     The Eleventh Circuit specifically has held that "allegations of breach of fiduciary duties and failure to make required disclosures are clearly potential claims" under ERISA are preempted and, as such, are removable.  *See Ehlen Floor Covering,* 660 F.3d at 1287 ("allegations of breach of fiduciary duties and failure to make required disclosures are clearly potential claims under  29 U.S.C. §1109(c)" for purposes of conferring federal jurisdiction); *Borrero,* 610 F.3d at 1304 (where at least some of plaintiff's claims "implicate legal duties dependent on the interpretation of an ERISA plan," those claims are completely preempted and federal jurisdiction exists). S*ee also Pilot Life Ins.*, 481 U.S. at 47 (state law allegations of improper processing of claims was related to an employee benefit plan for purposes of ERISA preemption).

**B.      Plaintiff's Discrimination Claim, Which Alleges Interference With Employee Benefits (Count I), Arises Under ERISA Section 510 and Is Preempted**

19.     Plaintiff alleges in Count I of the Complaint, as a basis for his discrimination claim under the Florida Civil Rights Act ("FCRA"), that Wells Fargo terminated Gonzalez to "avoid incurring additional expense associated with [Mackenzie's] treatment."  (Complaint ¶ 41).  In support of that claim, Plaintiff asserts that "Wells Fargo and United Health Care (the

health insurer) . . . asked numerous questions about his daughter, Mackenzie's, surgery and long-term care.  Several references were made to the costs of her treatment."  (Complaint ¶ 16).

20.      The Wells Fargo & Company Health Plan, including the United Healthcare option ("Health Plan"), which provided medical coverage to Plaintiff and Mackenzie is governed by ERISA.  *See* Exhibit C, the SPD, which includes excerpts of the 2010 Wells Fargo Benefits Book and Exhibit E, the 2010 Wells Fargo Health Plan Document.

21.      Plaintiff's allegation that Wells Fargo terminated him to avoid the cost of his daughter's medical treatment relates to the ERISA-qualified Health Plan and, as such, arises under ERISA section 510 and is preempted.  *Godfrey v. BellSouth Telecomms., Inc.*, 89 F.3d 755, 759 (11th Cir. 1996) (recognizing that threatening to discharge employee to avoid paying further benefits employer violates ERISA §510 );  *Tingey v. Pixley-Richards W., Inc.*, 953 F.2d 1124, 1126, 1129-30 (9th Cir. 1992) (contract and tort wrongful termination claims alleging plaintiff was fired to avoid paying medical benefits to his son preempted); *See also Fetterhoff v. Liberty Life Assurance Co*., 282 F. App'x 740 (11th Cir. 2008).

## DIVERSITY JURISDICTION

22.      This action is also within the original diversity of citizenship jurisdiction of the United States District Court, pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different States. Specifically, the facts supporting diversity jurisdiction are as follows:[1]

a)      Plaintiff is a resident of the State of Florida (Complaint ¶ 2);

b)      Wells Fargo Bank, N.A. is a federally chartered national banking association that is organized and existing under the National Bank Act.  It is regulated by the

---

[1] By alleging the following facts, Wells Fargo is in no way acknowledging that Plaintiff is entitled to an award of damages based on his claims.

Office of the Comptroller of the Currency and does not have a state of incorporation. Its principal place of business is in California and, therefore, it is not a citizen of the State of Florida for the purposes of diversity jurisdiction;

c)      Based on the facts set forth in the Complaint, it is clear that Plaintiff is seeking more than $75,000.00 in damages, exclusive of interest and costs. Plaintiff seeks relief in the form of "reinstatement of all life insurance policies that were in place when Plaintiff was terminated." (Complaint, *Wherefore* paragraph following ¶ 63). The Wells Fargo-sponsored life insurance coverage which Plaintiff had in place for him and his family at the time of his termination were: (1) basic term life insurance coverage on his life in the amount of $41,300; (2) additional term life insurance coverage on his life in the amount of $330,400; (3) spouse term life insurance coverage on his wife in the amount of $25,000; and (4) dependent term life insurance coverage in the amount of $20,000 per child, including Mackenzie Gonzalez.

d)      Plaintiff is also seeking lost wages. (Complaint ¶ 46). According to his Complaint, Plaintiff was out of work from August 3, 2010 until July 2011. (Complaint ¶ 20, 30). In 2008, Plaintiff's last full year of work before his daughter's illness, Plaintiff earned $36,369.04 from Wells Fargo. See Exhibit E. His damages for time he was out of work are therefore in excess of $33,000.00. He also seeks damages resulting from the fact that he is now earning less at his new job.

e)      Moreover, Plaintiff is also seeking compensatory damages. (Complaint, *Wherefore* paragraph following ¶ 63);

f)      Plaintiff's Complaint also seeks an award of punitive damages, which are provided for under the FCRA and are to be included when considering the amount in controversy. *Bell v. Preferred Life Soc'y*, 320 U.S. 238, 240 (1943).

g)      Plaintiff's Complaint also seeks recovery of attorneys' fees, which are provided for under the FCRA and are to be included when considering the amount in controversy. *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933) (potential attorneys' fees should be considered in determining whether the amount in controversy in a diversity action exceeds the jurisdictional threshold);

23.      As such, it is beyond dispute that the amount in controversy well exceeds $75,000.00

## SUPPLEMENTAL JURISDICTION OF STATE LAW CLAIMS

Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's other claims because they are so related to claims in the action within such original jurisdiction that they form part of the same cause or controversy.

## CONCLUSION

Based on the preceding facts, this Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 & § 1332 and this case is therefore properly removable to this Court pursuant to 28 U.S.C. § 1441.

Defendant accordingly requests the removal of this case from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida to this Court.

Date: September 4, 2012                    Respectfully submitted,


By:    s/Steven A. Siegel
               Steven A. Siegel
               Fla. Bar No. 497274
               ssiegel@laborlawyers.com
               FISHER & PHILLIPS LLP
               450 East Las Olas Boulevard
               Suite 800
               Fort Lauderdale, FL 33301
               Telephone (954) 525-4800
               Facsimile (954) 525-8739

               *Attorneys for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that on **September 4, 2012**, I electronically filed the foregoing **NOTICE OF REMOVAL** document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day to all counsel of record identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF and/or via U.S. Mail.


               s/Steven A. Siegel
               Steven A. Siegel

## SERVICE LIST

**Yovani Gonzalez v. Wells Fargo Bank, N.A. f/k/a/ Wachovia Bank, N.A.**
**United States District Court – Southern District of Florida**
**Case No.:_____**

Jack Scarola
JSX@searcylaw.com
Patrick E. Quinlan
peq@searcylaw.com
SEARCY DENNEY SCAROLA
BARNHAR & SHIPLEY, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409

*Attorneys for Plaintiff*

Steven A. Siegel
ssiegel@laborlawyers.com
FISHER & PHILLIPS LLP
450 East Las Olas Boulevard
Suite 800
Ft. Lauderdale, Florida 33301
Telephone: (954) 525-4800
Facsimile: (954) 525-8739

*Attorneys For Defendant*