UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80937-CIV-MARRA

YOVANI GONZALEZ,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,
f/k/a WACHOVIA BANK, N.A.,

    Defendant.
_____/

## OPINION & ORDER

This cause is before the Court upon Plaintiff's Motion for Extension of Time to Serve Summonses Upon Medco and United Healthcare (DE 53). The motion is briefed and ripe for review. The Court has considered the briefs and the record, and is otherwise advised in the premises.

Plaintiff filed his initial complaint in this action in state court on August 2, 2012, and Defendant removed the case on September 4, 2012 (DE 1). Plaintiff filed an amended complaint on December 11, 2012 in which several additional defendants were named, including United Health Group, Inc. and Medco Health Solutions, Inc. (DE 20). Plaintiff retained new counsel after the filing of the amended complaint, but before summonses were issued to the newly added defendants. Plaintiff's new counsel formally appeared on January 22, 2013. (DE 32). Summonses were not issued to United Health Group and Medco Health Solutions until August 1, 2013—232 days after the filing of the amended complaint, and 191 days after Plaintiff's new counsel appeared. Plaintiff's counsel now seeks an extension of time to serve the new defendants.

Federal Rule of Civil Procedure 4(m) provides, in pertinent part,

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *In re Trasylol Products Liab. Litig.*, 503 F. App'x 850, 852 (11th Cir. 2013) (quoting *Lepone–Dempsey v. Carroll Cnty. Commis.*, 476 F.3d 1277, 1281 (11th Cir.2007)).

Plaintiff has failed to set forth any good cause for his failure to serve the newly added defendants. Rather, the only "support" Plaintiff provides in his brief for the extension is the statement that "Plaintiff's counsel demonstrated good cause in that the undersigned appeared in this matter when these parties had been added, but apparently not served." (DE 59 at 2). To the extent Plaintiff is suggesting that because his current counsel entered an appearance after leave to add these defendants was granted, he could assume that prior counsel had taken the steps necessary to serve the newly added defendants, the Court rejects that suggestion. Upon entering an appearance in the case, Plaintiff's counsel had an obligation to review the record and docket and determine what action, if any, needed to be taken. Prior counsel's failure to act cannot constitute good cause for new counsel's failure to act. Plaintiff also argues that dismissal of these parties will just require filing a new lawsuit which Plaintiff's counsel will seek to consolidate. That may be true, but it is also irrelevant to the "good cause" analysis.

Plaintiff did not attempt to serve the newly added defendants or request an extension of time to perfect service before Rule 4(m)'s 120-day time period expired, and Plaintiff has not alleged that the newly added defendants have attempted to evade service in any way. The mere absence of

prejudice to a defendant, by itself, does not "serve as an adequate foundation for a good cause determination. . . . Lack of prejudice to the defendant is not a reason why service is not made on time. At best, it is a factor offered in mitigation after another factor has caused noncompliance with the rule." *Floyd v. United States*, 900 F.2d 1045, 1048 (7th Cir. 1990). Plaintiff has not set forth any "other factors" that may have caused noncompliance with Rule 4(m).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Extension of Time to Serve Summonses Upon Medco and United Healthcare (DE 53) is **DENIED.** Defendants United Health Group, Inc. and Medco Health Solutions, Inc. are **DISMISSED** from this action for Plaintiff's failure to comply with Rule 4(m).

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of September, 2013.

_____
KENNETH A. MARRA
United States District Judge